RIMON, P.C.
Karineh Khachatourian (SBN 202634)
karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
nikolaus.woloszczuk@rimonlaw.com
2479 E. Bayshore Road, Suite 210
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Petitioner,
BARRACUDA NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BARRACUDA NETWORKS, INC., <br><br> Petitioner, <br><br> v. <br><br> J2 GLOBAL, INC., and DOES 1 through 10, inclusive, <br><br> Respondent. | Case No. _____ <br><br> **BARRACUDA NETWORKS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** <br><br> Date: TBD <br> Time: TBD <br> Dept.: TBD <br> Judge: TBD |

Pursuant to Local Rule 79-5.2.2(b), Petitioner Barracuda Networks, Inc. ("Barracuda") applies to file under seal portions of its Motion to Compel Compliance with Subpoena to Non-Party j2 Global, Inc. ("Motion to Compel"), as well as two exhibits to the Declaration of Karineh Khachatourian filed in support of the Motion to Compel ("Khachatourian Motion Decl."). These documents contain information designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by Optrics Inc. ("Optrics"), pursuant to a protective order entered in the case *Optrics, Inc. v. Barracuda Networks, Inc.*, Case No. 17-cv-04977-RS (N.D. Cal.).

This Application is accompanied by the following documents:

- Declaration of Karineh Khachatourian in support of this Application, dated July 16, 2019 ("Khachatourian Appl. Decl.");
- A redacted version of Barracuda's Motion to Compel;
- An unredacted version of the Motion to Compel, highlighting the portions omitted from the redacted version;
- A redacted version of Khachatourian Motion Decl. excluding Exhibits B and E;
- Sealed versions of Exhibits B and E; and
- A Proposed Order, narrowly tailored to seal only the designated materials, and listing in table form each document or portion thereof to be filed under seal.

Barracuda requests that portions of the Motion to Compel be filed under seal because it contains quotations and information from Exhibits B and E that were previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by Optrics, pursuant to a protective order entered in the case *Optrics, Inc. v. Barracuda Networks, Inc.*, Case No. 17-cv-04977-RS (N.D. Cal.).

Barracuda further requests that Exhibit B of the Declaration of Karineh

1  Khachatourian be filed under seal in its entirety because it was previously
2  designated as "CONFIDENTIAL" by Optrics, pursuant to a protective order entered
3  in the case *Optrics, Inc. v. Barracuda Networks, Inc.*, Case No. 17-cv-04977-RS
4  (N.D. Cal.).

5      Barracuda also requests that Exhibit E of the Declaration of Karineh
6  Khachatourian to be filed under seal in its entirety because it was previously
7  designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by
8  Optrics, pursuant to a protective order entered in the case *Optrics, Inc. v. Barracuda*
9  *Networks, Inc.*, Case No. 17-cv-04977-RS (N.D. Cal.).

10      The materials that are subject to this application belong to Optrics and the
11  confidentiality interests attached to them are those of Optrics.  Barracuda conferred
12  with counsel for Optrics by e-mail on July 11, 2019 in an attempt to eliminate or
13  minimized the need for filing under seal by means of redaction.   Khachatourian
14  Appl. Decl., ¶ 10.  On July 12, 2019, counsel for Optrics requested that Barracuda
15  file Exhibits B and E under seal in their entirety and requested that Barracuda redact
16  the portions of its Motion to Compel that describe information from those exhibits.
17  *Id.,* Ex. A.  Barracuda conferred with counsel for Respondent j2 Global, Inc. ("j2")
18  by email on July 10, 2019 to seek j2's position regarding this sealing request, but j2
19  did not respond.  *Id.,* Ex. B.

20      In the Ninth Circuit, the public right of access to court records is not absolute
21  and materials filed as judicial records can be sealed if the party seeking the sealing
22  establishes "compelling reasons" outweighing the "general history of access and
23  public policies facing disclosure." *Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106;
24  see also *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir.
25  2006) (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th
26  Cir. 2003)).  When information could become "a vehicle for improper purposes" if
27  publicly filed, then compelling reasons exist to justify sealing court records.
28

*Kamakana*, 447 F.3d at 1179. For example, the public right of access does not allow court records to be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotation marks omitted). Pursuant to Civil Local Rule 79-5.2.2(b), Optrics is required to submit a declaration outlining the compelling reasons to justify sealing its designated documents.

## Relief Requested

For the reasons explained above, Barracuda respectfully requests that the Court grant this Application for Leave to File Under Seal. A Proposed Order granting the requested relief is submitted herewith.

Respectfully submitted,
RIMON, P.C.

Dated: July 16, 2019

By: */s/Karineh Khachatourian*
Karineh Khachatourian
Nikolaus A. Woloszczuk

Attorneys for Petitioner Barracuda Networks, Inc.