UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 19-mc-00146-PSG (PJWx) | Date | August 15, 2019 |
|---|---|---|---|
| Title | *Barracuda Networks, Inc. v. j2 Global, Inc.* | | |

| Present: The Honorable | Patrick J. Walsh, United States Magistrate Judge | | |
|---|---|---|---|
| Isabel Martinez | | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | | |
| None Present | None Present | | |

**Proceedings:** Order Re: Barracuda Networks, Inc.'s Motion to Compel Non-Party j2 Global, Inc. to Comply with Subpoena for Production of Documents

I. Background

Before the Court is Barracuda Networks, Inc.'s motion to compel non-party j2 Global, Inc. to produce documents, j2's opposition, and Barracuda's reply. (Doc. Nos. 1-3, 10-14, 18-38.) The Court finds the matter appropriate for decision without oral argument and grants in part and denies in part the motion to compel for the reasons set out below.

Optrics, Inc. filed a lawsuit against Barracuda in the United States District Court for the Northern District of California, alleging, among other things, trademark infringement and breach of contract. Barracuda filed counterclaims for declaratory judgment of trademark ownership, domain name ownership, and breach of contract. *See Optrics, Inc. v. Barracuda Networks, Inc.*, CV17-04977-RS. j2 is not a party to that litigation.[1]

j2 provides a variety of internet services, including many services that compete with Barracuda. In November 2016, j2 and Optrics executed an asset purchase agreement involving CudaMail. (Doc. No. 13.) In January 2017, j2 issued a press release announcing that it had purchased CudaMail. (Doc. No. 1-4, Ex. C.) Barracuda demanded Optrics transfer the CudaMail trademark and domain names back to it per the 2013 Reseller Agreement but Optrics refused. Barracuda then terminated its reseller agreement with Optrics. Barracuda also sent j2 a cease and desist letter, claiming that it had learned that

---

[1] Barracuda was formed in 2003 and sells internet software. Optrics is a Canadian company that resells hardware and software to business customers. In 2004, Optrics became a reseller of Barracuda products. In 2005, Optrics began reselling Barracuda's spam firewall product as CudaMail. Subject to a 2013 Reseller Agreement, in the event Optrics sold or attempted to sell CudaMail, or if it ceased using/selling CudaMail, the rights to the alleged CudaMail trademark and related domain names would revert to Barracuda.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 19-mc-00146-PSG (PJWx) | Date | August 15, 2019 |
|---|---|---|---|
| Title | *Barracuda Networks, Inc. v. j2 Global, Inc.* | | |

Optrics had sold it CudaMail. (Doc. No. 1-9, Ex. H.) j2 then represented to Barracuda that the asset purchase agreement did not include the sale of CudaMail. Barracuda claims that discovery has shown that j2 was not being candid and that Optrics and j2 had conspired to structure the asset purchase agreement in such a way as to avoid the 2013 Reseller Agreement prohibition on the sale of CudaMail.

II.  Analysis

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "The same broad scope of discovery set out in Rule 26 applies to the discovery that may be sought pursuant to Rule 45." *Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal citations omitted). "Relevancy is construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case.'" *Amini Innovation Corp.,* 300 F.R.D. at 409 (internal citations omitted).

The discovery requests are as follows:

**Request No. 1:** Produce all documents concerning any negotiation or transaction of any kind with Optrics, including but not limited to all term sheets, letters of intent, memoranda of understanding, drafts, versions, revisions, amendments, addenda, supplements, schedules, and exhibits thereto.

**Request No. 4:** Produce all documents and communications concerning any due diligence you performed or reviewed in connection with any transaction contemplated by you with Optrics.

**Request No. 8:** Produce the press release, including but not limited to all drafts, versions, redlines, revisions, amendments, supplements and press kits and communications concerning same.

**Request No. 12**: Produce all communications between you and any person, except for communications to or from j2 Global and your attorneys, that concern, describe, discuss, mention, refer to, or include the term "CudaMail" from 2013 to the present.

**Request No. 13:** Produce all communications between and among any persons internally at j2 Global, except for communications to or from j2 Global and your attorneys, that concern, describe, discuss, mention, refer to, or include the term "CudaMail."

j2 objects on the grounds that the requests impose an undue burden on a third-party by seeking documents that should be in the possession of Optrics, does not appear relevant to the parties' claims and defenses, is vague, ambiguous, and overly broad, and seeks documents that may be protected by the attorney-client privilege, attorney work product, and/or common interest privilege. j2 also contends that it has already produced the entire "data room" of materials that it received from Optrics in connection with the transaction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 19-mc-00146-PSG (PJWx) | Date | August 15, 2019 |
|---|---|---|---|
| Title | *Barracuda Networks, Inc. v. j2 Global, Inc.* | | |

Barracuda responds that the requested documents are relevant because, if j2 was trying to buy CudaMail, certain provisions of the 2013 Reseller Agreement would be triggered. j2's internal/external communications regarding the transaction could reveal an attempt to structure the agreement to avoid Section 14.13 of the 2013 Reseller Agreement, which provides that the sale or attempted sale of CudaMail will result in Optrics losing all rights to CudaMail. Barracuda claims that it offered to narrow the requests to only documents and communications that were not shared/exchanged with Optrics.

j2's objections are overruled. The documents sought by Barracuda are relevant to the litigation and are discoverable. The fact that Optrics may have some of the same documents does not mean that Barracuda is barred from obtaining them from j2 or that Barracuda has an obligation to obtain them from Optrics first. The documents are to be produced no later than September 1, 2019. They will be produced pursuant to the protective order in this case and Barracuda will be required to pay j2's costs in gathering and producing the records. To the extent that any of the documents are privileged, j2 may withhold them provided it produces a privilege log on September 1, 2019, when it produces the documents.

The remaining requests in dispute:

**Request No. 5**: Produce all documents provided, transmitted, or otherwise sent by Optrics to you or vice-versa concerning any contemplated transaction.

**Request No. 9**: Produce all communications and documents between you and Optrics concerning any reseller agreement.

**Request No. 10**: Produce all communications and documents between you and Optrics that concern, describe, discuss, mention, refer to, or include the term "CudaMail" from 2013 to the present.

**Request No. 11**: Produce all documents provided, transmitted, or otherwise sent by Optrics to you that concern, describe, discuss, mention, refer to, or include the term "CudaMail" from 2013 to the present.

**Request No. 14**: Produce all communications between you and Optrics that concern, describe, discuss, mention, refer to, or include the term Barracuda from 2013 to the present.

**Request No. 15**: Produce all documents provided, transmitted, or otherwise sent by Optrics to you that concern, describe, discuss, mention, refer to, or include the term Barracuda from 2013 to the present.

**Request No. 18**: Produce all communications between you and Optrics concerning the action from 2017 to the present.

j2 objects to these requests because Barracuda failed to meet and confer, the documents are available from Optrics, and it appears they have already been produced by Optrics. It points out that, on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 19-mc-00146-PSG (PJWx) | Date | August 15, 2019 |
|---|---|---|---|
| Title | *Barracuda Networks, Inc. v. j2 Global, Inc.* | | |

July 22, 2019, in the underlying case, Optrics reported to the magistrate judge that it had produced 11,106 documents, consisting of 38,349 pages, involving communications between j2 and Optrics. (See Doc. No. 18-7, Ex. 5.) j2 argues that forcing j2 to produce the same documents Optrics already produced would be unduly burdensome. j2 reminds the Court that it has already produced the entire "data room" of documents in relation to the asset purchase agreement.

      Barracuda responds that the documents sought are relevant and potentially claim dispositive. According to Barracuda, Optrics' production was far from complete. For example, Barracuda claims that Optrics was unable to produce the metadata from emails between Mr. Ostergaard (Optrics primary negotiator in the j2/CudaMail transaction) and j2.

      The Court sustains j2's objections here except as they relate to Mr. Ostergaard. j2 is ordered to produce any and all emails between j2 and Mr. Ostergaard by September 1, 2019. The documents will be produced pursuant to the protective order. Barracuda will pay for j2's costs in gathering and producing the documents. j2 will not be required to produce any other responsive documents because it appears that Barracuda has obtained them from Optrics. If that is not the case, Barracuda can meet and confer with j2 and explain what documents it has received from Optrics and what documents it believes are missing and the parties can try to work out any further production. If they are unable to, they can get the Court on the telephone and the Court will work through the issues with them.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | im | |

S:PJW\Cases-X\Barracuda v. j2 Global\MO-mtn to compel non-party to comply with Rule 45 subpoena .wpd